GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al.

SAME v. HUDSON RIVER ELECTRIC POWER CO.

MORTON TRUST CO. v. GAY et al.

(Circuit Court, N. D. New York. March 11, 1911.)

PLEADING (§ 238*)—ANSWER—APPLICATION TO AMEND.

A trustee in a mortgage executed by an insolvent corporation to secure bonds having been permitted to file a cross-bill to foreclose in insolvency proceedings against the insolvent, a judgment creditor intervened and answered the trustee's cross-bill, denying any knowledge or information sufficient to form a belief as to the truth of the cross-bill. After taking proofs, such creditor moved to amend its answer, and alleged that the mortgage was without consideration, was given when the corporation was insolvent, with the intent to prefer the trust company as trustee over other creditors, and with the intent to hinder, delay, and defraud the insolvent's other creditors, including defendant. The affidavit with reference to delay alleged that neither the creditor nor the deponent, its attorney, had knowledge that the mortgage was given without consideration, or was fraudulent, until the taking of the testimony in support of the cross-bill; but there was no showing that the creditor by the exercise of diligence could not have secured such information before answer, nor were any facts stated showing that the creditor at the time of the application had knowledge that such was the fact. *Held*, that the showing was insufficient to justify leave to amend.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 238.*]

Insolvency proceedings by Eben H. Gay and others against the Hudson River Electric Power Company and others, and by the Morton Trust Company, cross-complainant, against Gay and others. On motion for an order permitting the filing of an amended answer by the National Contracting Company to the cross-bill in the Morton Trust Company suit to foreclose a mortgage. Denied.

See, also, 182 Fed. 904.

GAY V. HUDSON RIVER ELECTRIC POWER CO.

L. Laflin Kellogg and Philip M. Brett, for the motion.
Geo. B. Curtiss (Charles Hotchkiss, of counsel), opposed.

RAY, District Judge. In the creditors' action first above entitled, by permission of this court, the Morton Trust Company was permitted to intervene and file a cross-bill in foreclosure, seeking a sale of the properties of the Hudson River Water Power Company under mortgages thereon given to and held by the Morton Trust Company as trustee to secure the payment of certain bonds now outstanding, and which, so far as appears, are held in good faith by various owners. It seems that at a time when the Hudson River Water Power Company was engaged in the construction of its dam at Spier Falls, on the Hudson river, N. Y., it guaranteed the payment of certain bonds of the Hudson River Electric Company and agreed that it would execute such further agreements and instruments as the purchaser of the Electric Company bonds might reasonably request in order to more fully secure such guaranty, or a lien on the property, etc., of the Hudson River Water Power Company, or otherwise, as such purchaser, or any successor or holder of such bonds, might request. It seems that thereafter the holder of such bonds of the Electric Company did request a mortgage on the property, etc., of said Hudson River Water Power Company as further security for the payment of such bonds so guaranteed, and thereupon, or on or about July 19, 1902, the mortgage was given. This is one of the mortgages now in process of foreclosure. If all the mortgages on the property, etc., of the Hudson River Water Power Company are held valid to the extent of the bonds issued and outstanding under them, it seems probable that general creditors will get little, if anything.

In or about 1900 the National Contracting Company made a contract with the Hudson River Water Power Company to construct its said dam across the Hudson river at Spier Falls, and it proceeded with the work for a time; but differences arose, and the Contracting Company abandoned the work, and about 1901 the National Contracting Company commenced an action in the Supreme Court of the state of New York against said Hudson River Water Power Company to recover damages for breach of the contract. That action has been in the courts ever since; but, as it now stands, the National Contracting Company has a judgment on such claim against the Hudson River Water Power Company for about $323,387.55, rendered December 23, 1909, but which cause of action accrued about November, 1900. It is, of course, of interest to the Contracting Company to get rid of such mortgages, or any one or more of them, if possible. It has had a judgment in the said action once before, which was reversed on a technical point. The National Contracting Company was permitted to intervene and file an answer to the said cross-bill of the Morton Trust Company, and it did so, denying any knowledge or information sufficient to form a belief as to the truth of the allegations of such cross-bill regarding the mortgage referred to.

The motion papers allege that during the taking of proofs in the case in support of the cross-bill no proof has been given that the mortgage referred to was given pursuant to any agreement on the part of

the Hudson River Water Power Company at the time of the guaranty of said bonds, and the Contracting Company now desires to amend its said answer and allege that said mortgage of the Hudson River Water Power Company was given wholly without consideration, at a time when said company was insolvent, with the intent to prefer the said Morton Trust Company as trustee (it then, as now, holding another and prior mortgage to secure a bond issue) and the holders of bonds under the mortgage issued to it by the Hudson River Electric Company over and above the fair and honest creditors of said Hudson River Water Power Company, and with the intent, to hinder, delay, and defraud the just and honest creditors of the said Hudson River Water Power Company, including the defendant. The affidavit of Mr. Brett, upon which the motion is based, states as a reason for the delay as follows:

"That the reason why this application was not sooner made is because neither said National Contracting Company nor this deponent had knowledge of the fact that said mortgage by the Hudson River Water Power Company was given without consideration, and with the fraudulent intent to hinder, delay, and defraud its creditors, until after the taking of the testimony in support of the cross-bill aforesaid, when the entire lack of any consideration for said mortgage became apparent."

I do not find in these motion papers anything to show that the allegations of the proposed amendment to the answer are true, or that grounds exist for making the allegations. Even if grounds do now exist, it is not shown that before answering the cross-bill diligence was used in investigating the matter, and that information on the subject was denied by those who possessed it, or would have been liable to possess it, or that untrue statements were made, or that facts have appeared on the trial showing the truth of the proposed amendment which are a surprise to the National Contracting Company and of which it was before ignorant. Many months have gone by since the cross-bill was filed and the answer was interposed. The allegation that the National Contracting Company did not know is not accompanied by any statement of facts showing that it now does know. The existence of the mortgage was well known, and the condition of the Hudson River Water Power Company could easily have been ascertained, as could the conditions surrounding the said company and the giving of the mortgage. Bankruptcy proceedings were pending against it, and have been since 1905, on the petition of said Contracting Company and others, and an examination of its officers and others could have been had at any time since the filing of the bill in the creditors' action. I do not think the delay excused, or that the affidavit shows facts which justify the court in allowing the interposition of an answer attacking the security of the bonds in question at this late day.

Motion denied.